IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. MENTESANA,            )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   Case No. 07-0456-CV-W-ODS
                                 )
STATE FARM FIRE AND CASUALTY     )
CO.,                             )
                                 )
            Defendant.           )

ORDER AND OPINION (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending is Defendant's Motion for Summary Judgment (Doc. # 18). Also pending is Plaintiff's Motion for Summary Judgment (Doc. # 21). For the following reasons, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED.

I. BACKGROUND

This case involves a coverage dispute between Defendant State Farm and its policyholder, Plaintiff Michael P. Mentesana. Plaintiff's in-ground swimming pool and adjacent man-made waterfall sustained hail damage in March of 2006. Plaintiff filed a claim with Defendant and Defendant paid $74,952.99 for the damage to the pool and waterfall; however, the total repair cost was $131,991. Defendant did not pay the remainder of the repair costs, stating that the pool and waterfall were insured under the "Dwelling Extension" coverage of the policy, which is subject to a loss limit of $74,710. Conversely, Plaintiff claims that the pool and waterfall are insured under the "Dwelling" coverage of the policy, which has a loss limit of $747,100.

The parties have stipulated to all of the material facts. The only issue before the Court is whether the loss to Plaintiff's swimming pool and waterfall is covered by the

"Dwelling" coverage or the "Dwelling Extension" coverage of the policy.

## II. JURISDICTION

The Court requested briefing on whether there was a sufficient amount in controversy to support federal jurisdiction under 28 U.S.C. § 1332. The parties responded by submitting a Joint Brief in Support of Jurisdiction. The Court now concludes that it has jurisdiction. "The amount in controversy is determined as of the time the action is commenced in federal court and subsequent events cannot destroy the court's jurisdiction once it has been acquired." Hollenbeck v. Outbourd Marine Corp., 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) (citations omitted). Plaintiff's claim for vexatious refusal to pay, which has now been dismissed, was necessary to bring the amount in controversy over $75,000.

"The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)). At the time the Complaint was filed, Plaintiff's claim may have been valid. Because the Court cannot conclude "to a legal certainty that the claim [was] really for less than the jurisdictional amount," Kopp, 280 F.3d at 884, the amount in controversy is sufficient.

## III. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In

2

applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

### III. DISCUSSION

The policy at issue provides that "Dwelling" coverage protects against loss to "the dwelling used principally as a private residence on the residence premises."  The "Dwelling" coverage also includes "structures attached to the dwelling."  Separately, the policy provides "Dwelling Extension" coverage, which applies to "other structures on the residence premises, separated from the dwelling by clear space."  The policy further explains that "[s]tructures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures" covered by the "Dwelling Extension" coverage.

Plaintiff contends that the swimming pool and waterfall are "structures attached to the dwelling," and are therefore included within the "Dwelling" coverage.  Plaintiff states that the pool and waterfall are surrounded by a six foot tall concrete wall, that this wall rests upon a poured concrete foundation, and that this foundation is permanently affixed to the poured concrete foundation of the house.  Plaintiff contends, therefore, that this wall is attached to the house.  Because the wall, which is attached to the house, completely surrounds the pool, pool deck, and waterfall, Plaintiff argues that these structures are also attached to the house.  Additionally, Plaintiff added a spa room to his home after the pool, waterfall, wall, and wall foundation were built.  A part of the pool wall was removed, and the wall foundation was used for the foundation to the spa room.  Plaintiff believes this further supports his position because the spa room is part

3

of the dwelling and the pool wall foundation under the spa room is the same pool wall foundation that surrounds the pool and waterfall.

Conversely, Defendant describes the pool and waterfall as other structures that are not part of the dwelling used as a residence. Defendant argues that the concrete pool deck surrounds the pool and separates it from the dwelling by clear space and that the pool wall is a fence or similar connection. Therefore, even if the pool wall connects the pool and waterfall to the dwelling, the pool and waterfall must be considered "other structures on the residence premises" covered by the "Dwelling Extension" coverage.

"When interpreting language of an insurance policy that is not defined, courts must give a term its ordinary meaning . . . ." Mansion Hills Condominium Ass'n v. American Family Mut. Ins. Co., 62 S.W.3d 633, 638 (Mo. Ct. App. 2001). The word "attached" is not defined in the policy, therefore, it must be given its ordinary meaning. The ordinary meaning of the word "attached" is the physical union or joining of two structures. The Court must also give an insurance policy an interpretation that will protect the reasonable expectations of the insured. Estrin Const. Co., Inc. v. Aetna Cas. and Sur. Co., 612 S.W.2d 413, 420-21 (Mo. Ct. App. 1981). Here, the Court concludes that Plaintiff could not have reasonably expected that his swimming pool and waterfall would be considered structures attached to the dwelling to bring them within the "Dwelling" coverage.

Plaintiff has a swimming pool with a waterfall in his back yard. The pool wall, which connects to the house, completely surrounds Plaintiff's back yard, and encloses the pool and waterfall. It serves the purposes of separating Plaintiff's back yard from surrounding land and providing security and privacy. It is the type of connection contemplated by the "Dwelling Extension" coverage language. Therefore, the pool and waterfall are "structures connected to the dwelling by only a fence, utility line, or similar connection." Likewise, Plaintiff's pool and waterfall are separated from his house by clear space. While this clear space is a concrete patio, rather than grass, it still provides separation from the house. Plaintiff's interpretation of the policy is not reasonable because it would allow for any structure to be brought within the "Dwelling" coverage merely by placing it on a concrete slab and connecting that slab to the

4

foundation of the house. Consequently, the loss Plaintiff's swimming pool and waterfall sustained is covered under the "Dwelling Extension" coverage.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

DATE: May 28, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT